## Case No. 5,857.

### GUIDET v. BARBER.

[5 O. G. 149; Merw. Pat. Inv. 245.][1]

Circuit Court, D. New Jersey.   Dec. 30, 1873.

PATENTS — REISSUE — INFRINGEMENT — WANT OF NOVELTY—PATENTABILITY—STONE BLOCK PAVEMENTS.

1. It is to be presumed that a reissue is for the same invention as the original patent; and it is for the defendant to show that it is not.

2. In an action upon a patent, if it is alleged by way of defense that the supposed invention is not new, that should be set up in the plea or answer; otherwise the evidence in support of the defense is not admissible.

3. But it is not necessary to set forth in the pleadings that the subject of the invention is not patentable in its character; it may be shown under the general issue.

4. A pavement composed of stone blocks of which the ends lying in the line of travel are smooth and fit closely together, while the sides lying across the street are rough, so that spaces are left between them in which the horses' feet may take hold, is a proper subject for a patent.

[In equity. Suit by Charles Guidet against Samuel Barber for the alleged infringement of reissued letters patent No. 4,106, granted to the complainant, August 23, 1870. The original patent, No. 85,814, was granted to said Guidet, January 12, 1869.]

Edmonds & Field and George Harding, for complainant.

George Foske, for defendant.

NIXON, District Judge. This bill is filed by the complainant for an injunction and an account for the infringement of reissued letters patent [No. 4,106] granted to complainant August 23, 1870, for "improvement in stone pavement." The single claim in the reissue is for "a pavement composed of stone blocks made in the form of parallelopipeds, having their narrow ends or edges cut smooth and their broad sides purposely cut rugged or uneven. when the blocks are arranged with their rugged surfaces transversely to the street, substantially as described."

The answer to the defendant alleges—(1) That the reissue to the complainant was fraudulent and void, because the surrender was not made for the purpose of correcting any errors or imperfections in the description or specification of the original patent, but to cover and claim as complainant's invention many things in the art known and used long prior to his alleged invention or discovery, and because the said reissued letters patent covered and included many things, of which the complainant was not the original and first inventor, and which were not described or claimed in the original letters patent. As it is the duty of the commissioner of patents to see that the reissue does not cover more than the original patent, the presumption of law always is that the reissue is for the same

[1] [Merw. Pat. Inv. 245, contains only a partial report.]

invention until the contrary is shown. No attempt is made by the defendant, upon whom the burden rests to prove the allegation of fraud in the reissue, and the court can hardly be expected to presume it. Section 53, Act July 8, 1870 [16 Stat. 198]. Jodan v. Dobson [Case No. 7,519]; 404 Curt. Pat. § 281.

(2) The defendant also alleges prior use, and abandonment to the public by the complainant; but he gives no notice and offers no evidence to sustain the charges. The only matter put in issue by the answer and the proof is the question of infringement. The defendant denies the allegations of the bill in this respect, and the burden is upon the complainant to show it.

The laying of a stone-pavement on South Broad street, facing Lincoln Park, in the city of Newark, is admitted by the defendant, and the expert witness, J. Boyd Eliot, is called to testify in reference to its construction. He states that he has made an examination of said pavement; that he understands the principle of its construction, and that it corresponds substantially with the invention described in the complainant's reissued letters patent.

(1) Because it is composed of blocks of stone made in the form shown and described in the said patent, consisting of parallelopipeds or solid figures, whose sides are parallelograms; said blocks being provided with ends or edges formed sufficiently smooth that when they are abutted together in position to form a pavement, the joints or seams between the said blocks are closed, or substantially so, in a longitudinal direction or parallel with the sides of the street, or in the direction of the line of travel along the street, so that the wheels of the vehicles passing over it will meet with a comparatively smooth surface, or be prevented from sinking into crevices or openings between said blocks.

(2) Because said blocks are so selected and laid with their broad sides abutting against each other as to produce open joints in a direction transversely to the street, in such a manner that a firm foothold is provided for the draft-animal traveling along the street, substantially as described in the said patent. He expresses the opinion that the combination of these blocks of stone to form a pavement is of such a character as to perform the functions set forth in the complainant's reissued patent, and the advantages to be gained in the formation of such a pavement, recited in said patent, exist to a substantial degree in the pavement constructed and laid by the defendant.

This testimony stands without material contradiction, and there must be a decree against the defendant, unless it should appear upon further examination that the invention of the complainant is not in fact a patentable subject.

The counsel for the defendant upon the argument took the ground that there was nothing patentable in the complainant's alleged invention. It was objected in reply that, as no such defense was set up in the answer it was then too late to urge it. Whether the objection of the complainant is valid and sufficient depends upon what the counsel of the defendant meant by affirming that the invention was not patentable. If he meant that it was not on the ground of a want of novelty the objection was well taken, for such a defense falls under the 61st section of the patent act, and should be specified. But if he meant that the invention was not a patentable subject—i. e., did not come within the description of "any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof not known or used before the application" for the patent as required by the 24th section—such a defense is authorized by the general pleadings, because the bill of complaint necessarily imports that the patentee has invented a patentable subject. Assuming, therefore, that he meant the latter, the remaining question is whether the improvement claimed by the complainant is an improvement in "any new and useful art." The patentee, in the specification of his letters patent, describes his invention as relating to a pavement composed of stone blocks, which are made in the form of parallelopipeds, and the surfaces of which are so prepared that the blocks, when placed together, will form close joints in the direction parallel with the sides of the streets or in a longitudinal direction, while the joints running transversely to the street remain open at the top, and thereby a pavement is obtained which offers a good foothold for the draft animals, and at the same time a smooth surface for the wheels passing over the same. The edges of the blocks adjacent to the transverse open joints are to be chamfered off so as to insure a good foothold for the draft animals. To exhibit its superiority over other forms of stone pavement, he further states that if a street is paved with truncated pyramids; as used in the Russ or Belgian pavement, close joints are formed at the surface of the pavement, both in a longitudinal and transverse direction, and said surface offers no foothold to the draft animals passing over the same; but by placing a series of blocks together, as exhibited in Fig. 2 of this reissue, close joints are formed in a longitudinal direction, and open joints in a transverse direction, and a stone pavement is obtained which offers a firm foothold to the draft animals, while it presents a comparatively smooth surface to the wheels of vehicles passing over it, and at the same time each block is firmly retained in position by the adjoining blocks, without requiring any intermediate layers of stone or other material. Such an improvement in the mode of constructing a stone pavement is a patentable invention,

and must be held to be new in the absence of proof to the contrary from the defendant, and it is doubtless useful in the sense in which that term is used in the act, to what degree or extent is wholly unimportant, as it is not a question in the case. Let there be a decree for the complainant for an injunction and an account.

[For other cases involving this patent, see Guidet v. Brooklyn, Case No. 5,858; Id., 105 U. S. 550; Guidet v. Palmer, Case No. 5,859.]